[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12354
Non-Argument Calendar
_____

D.C. Docket No. 0:07-cr-60007-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ANTHONY PHILLIPS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 10, 2020)

Before WILLIAM PRYOR, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Michael Phillips appeals the partial denial of his motion to reduce his sentence based on the First Step Act of 2018. Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. The district court granted Phillips's motion in part and reduced his sentence from 262 months of imprisonment to 210 months of imprisonment. Phillips argues that the district court should have sentenced him to a term at the low end of his adjusted guideline range, which would correspond to his original sentence, and that the district court failed to explain the reason for its adjusted sentence. We affirm.

The First Step Act gives a district court discretion to reduce the sentence of a defendant convicted on or before August 3, 2010, of a drug offense for which the "statutory penalties . . . were modified by section 2 . . . of the Fair Sentencing Act of 2010." 132 Stat. 5194, § 404(a), (b). The First Step Act makes section 2 of the Fair Sentencing Act retroactive, which increases the quantity of crack cocaine necessary to impose a mandatory minimum sentence for distributing drugs, 21 U.S.C. § 841(b)(1)(A), from 50 grams to 280 grams, Pub. L. 111-220, § 8, 124 Stat. 2372 (2010). 132 Stat. 5194, § 404(b). If the defendant is eligible for relief under section 2 of the Fair Sentencing Act and is not otherwise excluded from relief for reasons specified in the First Step Act, the district court may, but is not

2

required to, "impose a reduced sentence as if . . . the Fair Sentencing Act . . . w[as] in effect at the time the [drug] offense was committed." *Id.* § 404(b), (c). When a district court exercises its discretionary authority, as it does to adjust a sentence under the First Step Act, we must affirm unless it "commits a clear error of judgment." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

The district court did not abuse its discretion by denying Phillips a further reduction of his sentence. Phillips admitted when he pleaded guilty to possessing with intent to distribute cocaine that his offense involved 50 grams or more of the illegal drug. The First Step Act reduced Phillips's base offense level from 37 to 34, which with a three-level reduction for acceptance of responsibility, resulted in an adjusted offense level of 31 and an advisory guideline range of 188 to 235 months of imprisonment. The district court considered the parties' filings and adopted the position of the government that a sentence of 210 months of imprisonment was required to address Phillips's four prior drug convictions, his illegal reentry to the United States to resume drug activities that resulted in the sentence under review, and his post-sentencing conduct. *See* 18 U.S.C. § 3553(a). The decision to impose a sentence in the middle of Phillips's recommended sentencing range was consistent with the statement of the district court at Phillips's original sentencing hearing that his offense and criminal history warranted a "substantial sentence."

The explanation provided by the district court, "though brief, was legally sufficient." *Rita v. United States*, 551 U.S. 338, 356 (2007). The district court stated that it considered Phillips's motion and the response of the government and decided to reduce Phillips's sentence to 210 months. The district court was not required to provide a "length[ier] explanation." *Id.*

We **AFFIRM** Phillips's adjusted sentence.